## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

EDMUND MICHALOWSKI,

        Plaintiff,

    v.

DAN RUTHERFORD, STATE OF
ILLINOIS, ILLINOIS STATE
TREASURER'S OFFICE, CURT CONRAD,
KYLE HAM, DAN RUTHERFORD
CAMPAIGN COMMITTEE, and
ROMNEY FOR PRESIDENT, INC.,

        Defendants.

No.  14-cv-00899

Honorable Joan Lefkow

JURY TRIAL DEMANDED

### FIRST AMENDED COMPLAINT

Plaintiff, EDMUND MICHALOWSKI, by and through his undersigned counsel, brings this First Amended Complaint against Defendants DAN RUTHERFORD, CURT CONRAD, KYLE HAM, THE STATE OF ILLINOIS, THE ILLINOIS STATE TREASURER'S OFFICE, DAN RUTHERFORD CAMPAIGN COMMITTEE, and ROMNEY FOR PRESIDENT, INC.  In support, Plaintiff states as follows:

### Nature of the Action

1.    Plaintiff brings claims for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act (18 U.S.C. § 1962(c)) (Count I); conspiracy to violate the RICO Act (18 U.S.C. § 1962(d)) (Count II); political discrimination in violation of the free-association clause of the First Amendment as enforced under 42 U.S.C. § 1983 (Count III); gender discrimination in violation of the equal-protection

clause of the Fourteenth Amendment as enforced under 42 U.S.C. § 1983 (Count IV); and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 (Count V).

## Jurisdiction and Venue

2.     The jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiff and all of Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district. Furthermore, venue is proper in this district pursuant to 18 U.S.C. § 1965(a), (b) and (d).

## Parties

4.     Plaintiff EDMUND MICHALOWSKI is a male resident of Chicago, Illinois. From January 2011 to February 2014, he was employed by Defendant Illinois State Treasurer's Office as Deputy Director of Community Affairs and Director of Community Affairs and Marketing.

5.     Defendant DAN RUTHERFORD is the elected Treasurer of the State of Illinois and had supervisory authority over Plaintiff. At all relevant times, he had the authority to hire, fire, demote, and discipline employees, including Plaintiff, and to direct their work.

6.     Defendant KYLE HAM is the Chief of Staff for the Treasurer's Office and had supervisory authority over Plaintiff. At all relevant times, he had the authority to

hire, fire, demote, and discipline employees, including Plaintiff, and to direct their work.

7.    Defendant CURT CONRAD was, at all relevant times, Deputy Chief of Staff for the Treasurer's Office and statewide political director for the Rutherford Campaign.

8.    Defendant DAN RUTHERFORD CAMPAIGN COMMITTEE ("the Rutherford Campaign") is a political committee organized under the laws of the state of Illinois and is registered with the Illinois State Board of Elections.  At all relevant times, Defendant Conrad had agency authority and acted as an agent of the Rutherford Campaign.

9.    Defendant ROMNEY FOR PRESIDENT, INC. ("the Romney Campaign"), is a corporation organized under the laws of the state of Massachusetts for the purpose of political campaigning, and it has its principal place of business in Massachusetts. At all relevant times, the Romney Campaign maintained local offices in the state of Illinois.

10.    Defendant ILLINOIS STATE TREASURER'S OFFICE is a constitutional office of the state of Illinois.

11.    Defendant STATE OF ILLINOIS is a sovereign state.

**Factual Allegations Upon Which Plaintiff's Claims Are Based**

12.    Defendant Rutherford was elected Illinois State Treasurer in November 2010, and he assumed office in January 2011.

13.    In January 2011, Defendant Rutherford hired Plaintiff to work in the Treasurer's Office as the Deputy Director of Community Affairs.

14.    Plaintiff's official employer was the Illinois State Treasurer's Office or, alternatively, the State of Illinois.

15.    Plaintiff's official job duties included the conceptualization, design and management of statewide marketing policies and programs, and the building of partnerships with diverse groups including chambers of commerce, labor unions, and veteran, ethnic, religious and civic organizations.

16.    Plaintiff's immediate supervisor was Defendant Ham.

17.    Defendant Ham reported directly to Defendant Rutherford.

18.    Plaintiff satisfactorily performed all of his official job duties while he was employed by the Treasurer's Office.

19.    In March 2011, Plaintiff was given a promotion in title to Director of Community Affairs.

20.    Although the promotion did not come with an accompanying raise in salary, Defendant Ham informed Plaintiff that he would receive a raise "soon."

21.    On multiple occasions thereafter, Defendant Ham promised Plaintiff a raise.

**Allegations Related to RICO and Political Discrimination**

22.    Effective in the summer of 2011, Defendant Rutherford was appointed as the Illinois state campaign chair for the Romney Campaign.

4

23.     As the Romney Campaign's agent, Defendant Rutherford conducted and oversaw all political activities of the Romney Campaign within the state of Illinois.

24.     Plaintiff's official job duties for the Treasurer's Office did not include political campaign work, including soliciting campaign donations from prospective donors.

25.     Illinois law forbids the misappropriation of the services of any State employee by requiring that State employee to perform any prohibited political activity (i) as part of that employee's State duties, (ii) as a condition of State employment, or (iii) during any time off that is compensated by the State (such as vacation, personal, or compensatory time off).

26.     Beginning in early spring 2011, however, Defendant Rutherford coerced and intimidated, implicitly and explicitly, Plaintiff into performing political work on behalf of the Rutherford Campaign.

27.     For example, Defendant Rutherford demanded that Plaintiff coordinate lunches or dinners with individuals whom Plaintiff was acquainted with, and solicit donations for the Rutherford Campaign from each individual.

28.     At some point during February or March 2011, Defendant Rutherford informed Plaintiff that he had in fact been hired solely to perform political fundraising on behalf of the Rutherford Campaign.

29.     Defendant Rutherford told Plaintiff that Plaintiff had been hired specifically because he was a Democrat and Defendant Rutherford wanted to obtain

funding for his campaign from "fresh" sources in order to appear to be a centrist candidate.

30.     Defendant Rutherford told Plaintiff that if he did not "deliver" then he would be replaced.

31.     Defendant Rutherford created a spreadsheet that listed specific dollar amounts for each potential contact that Plaintiff was required to secure for the Rutherford Campaign.

32.     As a result of Defendant Rutherford's threats, Plaintiff was coerced into organizing numerous political contacts for Defendant Rutherford and soliciting multiple potential donors on behalf of the Rutherford Campaign.

33.     Despite Plaintiff's attempts to minimize or end his involvement with the Rutherford Campaign, Defendant Rutherford continued to demand that Plaintiff continue to perform work for the political campaign.

34.     On multiple occasions throughout Plaintiff's employment, Defendants Rutherford, Ham, and Conrad told Plaintiff that if he did not perform political work and solicit donations to the level of Defendant Rutherford's expectations, then Plaintiff would be fired.

35.     Beginning in 2011, Defendant Rutherford began hiring interns to work in the Treasurer's Office but did not conduct interviews or any other formal process.

36.     The sole factor in determining whether an intern was hired was whether Defendant Rutherford wanted to hire the intern.

37.     Defendant Rutherford maintained a list of all potential interns with notes regarding their political connections and usefulness to the Rutherford Campaign.

38.     Defendant Rutherford hired only candidates whose connections would be useful to the Rutherford Campaign, regardless of the strength of their qualifications or whether other non-politically connected candidates had superior credentials.

39.     Illinois law forbids the consideration of political affiliation as a factor in hiring an employee, and Illinois law mandates that public agencies use a formal hiring process.

40.     During a meeting with Treasurer's Office employees shortly after taking office, Defendant Rutherford stated that it was important for individuals who were connected to Defendant Rutherford's political allies and potential donors to have paid government internships with the Treasurer's Office.

41.     When Plaintiff objected to Defendant Rutherford's actions regarding the interns, Plaintiff was threatened with termination if he did not keep his opinions to himself.

42.     At an event held at Defendant Rutherford's home in Pontiac, Illinois, in the summer of 2011, Plaintiff and all other employees of the Treasurer's Office who were in attendance were given political business cards from the Rutherford Campaign.

43.     Defendant Conrad personally gave Plaintiff a Rutherford Campaign business card and informed him that he was expected to monitor an email account that

was assigned to him, from which Plaintiff would receive political instructions from the Campaign.

44.     Over the next several months, Defendant Conrad contacted Plaintiff numerous times with instructions regarding work that he was required to perform for the Rutherford Campaign and the Romney Campaign.

45.     Defendant Conrad informed Plaintiff that his job with the Treasurer's Office was contingent on performing political work as ordered.

46.     Defendant Conrad informed Plaintiff that Rutherford and Conrad did not trust Plaintiff because Plaintiff was not a Republican and that he needed to prove his loyalty.

47.     Defendant Rutherford ordered Plaintiff to work directly for Defendant Conrad on political activities for the Romney Campaign.

48.     Throughout the summer and fall of 2011 Defendant Conrad, Defendant Rutherford, and Defendant Ham contacted Plaintiff numerous times during State working hours and demanded that he perform various political work for the Rutherford and Romney Campaigns.

49.     In approximately January 2012, Plaintiff was given an entire new division to manage, called the marketing division. This division was a statewide division. Plaintiff was promised additional compensation; however, Plaintiff never received the additional compensation.

50.     Plaintiff was ordered to donate money to non-office government functions that would benefit both Rutherford and Romney Campaigns and was threatened if he did not do so.

51.     When Plaintiff complained to Defendant Ham about this practice, Defendant Ham told Plaintiff that Defendant Rutherford required that Treasurer's Office employees make the donations to non-office government functions that would benefit the Rutherford and Romney Campaigns in lieu of political donations to the Rutherford and Romney Campaigns.

52.     Plaintiff gave the demanded cash donations to Defendant Ham in the Treasurer's Office in Chicago.

53.     Among the political work that Plaintiff was forced to do was to organize nominating petition drives for the Romney Campaign.

54.     As such, Plaintiff coordinated groups of college students whom Defendant Rutherford paid to collect signatures on behalf of the Romney Campaign.

55.     When the students failed to collect a sufficient number of valid signatures, however, Defendant Rutherford refused to pay the students as promised.

56.     Defendant Rutherford forced Plaintiff to cover several thousand dollars' worth of costs for the signature drive out of his own pocket.

57.     Defendant Rutherford told Plaintiff that if he did not cover the costs of the signature drive, then he would be fired.

58. Multiple other employees within the Treasurer's Office in addition to Plaintiff were required to perform political work for the Rutherford Campaign as a condition of their jobs.

59. For example, on multiple occasions Defendant Rutherford required Treasurer's Office employees to travel with him to various political campaign events in order to take photographs and to mail the photographs to individuals using State postage rates.

60. When Plaintiff objected to this practice, Conrad told Plaintiff to "keep [your] mouth shut." Plaintiff then complained to Defendant Ham about this. Defendant Ham told Plaintiff that he needed to listen to Defendant Conrad and follow Conrad's instructions.

61. Defendant Conrad told Plaintiff that the practice assisted the Campaign and that Plaintiff should keep his opinions out of campaign business because the Treasurer's Office was needed to help Defendant Rutherford become elected governor.

62. Both Defendant Conrad and Defendant Ham informed Plaintiff that the resources of the Treasurer's Office were needed to help Defendant Rutherford win the primary and general election for governor.

63. When Plaintiff brought his concerns to Defendant Rutherford, Plaintiff was told that the Treasurer's Office was going to help Rutherford run a successful campaign for governor.

64.     Additionally, drivers employed by the State of Illinois were used to transport Defendant Rutherford to various campaign events and were required to transport political signs and other political materials.

65.     When Plaintiff objected to Defendant Ham, Defendant Conrad, and Defendant Rutherford about the practice, he was told that he was a "troublemaker" and that he needed to allow the Treasurer's Office to help Defendant Rutherford become governor.

66.     During the summer and fall of 2013, Defendant Ham and Defendant Conrad called Plaintiff multiple times and ordered him to organize community-marketing events with voter groups that were likely to vote in favor of Defendant Rutherford.

67.     Plaintiff was ordered to direct State resources to those groups in order to enhance Defendant Rutherford's political credibility.

68.     Defendant Ham and Defendant Conrad coordinated with each other in order to ensure that particular groups important to the Rutherford Campaign received State marketing attention.

69.     In the winter of 2013, Defendant Rutherford ordered Treasurer's Office employees to find personal contacts to fill the community affairs and marketing calendar. Defendant Rutherford ordered Plaintiff to force the Treasurer's Office staff to fill the calendar. Defendant Rutherford told Plaintiff that this was important because

the primary election was just around the corner and the more events on the calendar would ensure that more voters voted for Defendant Rutherford.

70.     Plaintiff objected to Defendant Ham about this practice, but was informed by Defendant Ham that if he did not do as Defendant Rutherford demanded then Plaintiff would be fired.

71.     In or about Winter 2013, Defendants Rutherford and Ham discussed who was going to be fired from the Treasurer's Office, naming a number of people, including Plaintiff, stating that they were going to be fired because "they were not pulling their political weight."

72.     Defendants Rutherford and Ham created a written "hit list" of Treasurer's Office employees who would be fired for their lack of political support of the Rutherford and Romney Campaigns, which included Plaintiff.

73.     Throughout his employment in the Treasurer's Office, Plaintiff was repeatedly passed over for raises and promotions.

74.     Other employees who willingly complied with Defendants Rutherford's, Ham's, and Conrad's order to perform work for the Rutherford and Romney campaigns and who did not complain about these practices were rewarded with substantial raises and benefits.

**Allegations Related to Sexual Harassment**

75.     On April 2, 2011, Plaintiff drove Defendant Rutherford from Chicago to Rutherford's residence in Chenoa, Illinois, for an overnight retreat to discuss the

Treasurer's advisory boards and whether there were potential donors suitable for those boards.

76.     Plaintiff was informed by Defendant Rutherford that other staff members including Defendant Ham would be present at the meeting but no other staff arrived.

77.     After dinner, Plaintiff retired to the guest bedroom at the Rutherford residence.

78.     Rutherford entered Plaintiff's bedroom and grabbed at Plaintiff's genital area.

79.     Plaintiff immediately forced Rutherford off of him and then gathered his belongings and left.

80.     Plaintiff informed Defendant Ham of the incident shortly thereafter to which Defendant Ham replied "at least we have job security" and that "it" had happened to him as well.

81.     A few weeks later, Plaintiff again followed up with Defendant Ham. Defendant Ham became upset and said "you're his friend, you talk to him."

82.     On July 24, 2011, Defendant Conrad texted Plaintiff the following: "The treasurer specifically asked that you wear a tank top.  Totally your decision if you want to ignore.  I am just a messenger."

83.     In August 2011, there was "Republican Day at the State Fair" in Springfield, Illinois.

84. The evening before the "Republican Day," Defendant Rutherford and his staff, including Plaintiff, were at the Brown's bar in Springfield.

85. At the Brown's bar, Plaintiff was speaking to a group of women.

86. Defendant Rutherford circled and stalked Plaintiff as he was talking to the women and complained that Plaintiff was "not talking to him."

87. As Plaintiff departed the bar with the group of women, Defendant Rutherford grabbed Plaintiff's arm, pulled Plaintiff aside, and said "if you go home with me, you can have anything you want in the office."

88. Plaintiff pulled away and left with the group.

89. Plaintiff reported the incident to Defendant Ham, who repeated "at least we have job security."

90. Defendant Ham further suggested that if Defendant Rutherford became governor that Defendant Ham could be a rich lobbyist and so could Plaintiff.

91. In August 2012, Plaintiff attended the Republican National Convention with Defendant Rutherford and others in Tampa, Florida.

92. On August 20, 2012, there was a reception held where the Illinois delegation was staying.

93. After the reception, Defendant Rutherford grabbed Plaintiff's arm and asked Plaintiff to go up to his hotel room. Plaintiff refused. Defendant Rutherford became angry, stating: "you just said no to the Treasurer."

94.     Upon returning to Chicago, Plaintiff reported the incident to Defendant Ham, who then told Plaintiff that he was "not a team player."  Ham also informed him that another employee "has the worst job and you should feel lucky."

95.     On December 4, 2013, at a holiday party, Defendant Rutherford went over to Plaintiff, rubbed his shoulders, and said to Plaintiff "you need a full body massage," smiled, and walked away.

96.     Another individual present commented to Plaintiff "that was creepy," referring to Rutherford's actions towards Plaintiff.

97.     Later the same week in December 2013, Plaintiff and another employee were called into Defendant Rutherford's office. Rutherford told the other employee "I can see your chest through that shirt and t-shirt.  Shake it baby, shake it."

### Allegations Related to Damages

98.     Due to Defendants' intimidation and coercion, Plaintiff has been forced to provide countless hours of uncompensated labor to Defendant Rutherford, the Rutherford Campaign, and the Romney Campaign.

99.     Plaintiff has also been intimidated and coerced, both explicitly and implicitly, into "donating" money to various organizations.

100.     Plaintiff has also been forced to use his own money to cover debts incurred by the Rutherford and Romney Campaigns.

101.     Defendants have continually physically, verbally, and emotionally abused Plaintiff both privately and publicly in front of his subordinates and colleagues.

102.    Due to Defendants' conduct toward him, Plaintiff has experienced severe

stress and anxiety, which has manifested itself physically.

103.    Plaintiff was forced to resign from his employ at the Treasurer's Office as

a result of Defendants' conduct.


**COUNT I**

**RICO § 1962(c)**

104.    This count is alleged against Defendants Dan Rutherford, Kyle Ham, Curt

Conrad, Dan Rutherford Campaign Committee, and Romney for President, Inc. only.

105.    Defendants Dan Rutherford, Kyle Ham, Curt Conrad, Dan Rutherford

Campaign Committee, and Romney for President, Inc. are each a "person" within the

meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

106.    The Illinois State Treasurer's Office is an "enterprise" within the meaning

of 18 U.S.C. §§ 1961(4) and 1962(c), which enterprise was engaged in and the activities

of which affected interstate commerce during the relevant times.

107.    Defendants Dan Rutherford, Kyle Ham, Curt Conrad, Dan Rutherford

Campaign Committee, and Romney for President, Inc., were each employed by or

associated with an enterprise, that is, the Illinois State Treasurer's Office, and did

conduct or participate, directly or indirectly, in the conduct of the affairs of the Illinois

State Treasurer's Office through a pattern of racketeering activity within the meaning of

18 U.S.C. §§ 1961(1)(B) and 1961(E) and 1961(5) and 1962(c), to wit:

(1)     Multiple instances of intimidation in violation of 720 ILCS 5/12-6;

(2)     Multiple instances of official misconduct in violation of 720 ILCS 5/33-3(b), through the violation of 5 ILCS 430/5-35 (Contributions on State Property) and 5 ILCS 430/5-15 (Prohibited Political Activities).

108.   By reason of the violation of 18 U.S.C. § 1962(c) committed by Defendants Dan Rutherford, Kyle Ham, Curt Conrad, Dan Rutherford Campaign Committee, and Romney for President, Inc., Plaintiff was injured in an as yet undetermined amount, within the meaning of 18 U.S.C. § 1964(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants Dan Rutherford, Kyle Ham, Curt Conrad, Dan Rutherford Campaign Committee, and Romney for President, Inc., each of them jointly and severally:

A.     In an undetermined amount for violation of 18 U.S.C. § 1962(c), the sum duly trebled in accordance with 18 U.S.C. § 1964(c).

B.     For the costs of suit including reasonable attorney's fees in accordance with 18 U.S.C. § 1964(c).

C.     A permanent injunction enjoining Defendants from engaging in the unlawful conduct complained of herein;

D.     The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices

and unlawful conduct complained of herein and are determined to be in full compliance with the law;

E.     For such other damages, relief and pre- and post-judgment interest as the Court may deem just and proper.

## COUNT II

### RICO Conspiracy

109.     This count is alleged against Defendants Dan Rutherford, Kyle Ham, Curt Conrad, Dan Rutherford Campaign Committee, and Romney for President, Inc., only.

110.     Defendants Dan Rutherford, Kyle Ham, Curt Conrad, Dan Rutherford Campaign Committee, and Romney for President, Inc., are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

111.     The Illinois State Treasurer's Office is an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), which enterprise was engaged in and the activities of which affected interstate commerce during the relevant times.

112.     Defendants Dan Rutherford, Kyle Ham, Curt Conrad, Dan Rutherford Campaign Committee, and Romney for President, Inc., were each employed by or associated with an enterprise, that is, the Illinois State Treasurer's Office, conspired within the meaning of 18 U.S.C. §§ 1962(d) to violate 18 U.S.C. § 1962(c), that is, Defendants did conspire to conduct or participate, directly or indirectly, in the conduct of the affairs of the Illinois State Treasurer's Office through a pattern of racketeering

18

activity within the meaning of 18 U.S.C. §§ 1961(1)(B) and 1961(E) and 1961(5) and 1962(c), to wit:

    (1)    Multiple instances of intimidation in violation of 720 ILCS 5/12-6;

    (2)    Multiple instances of official misconduct in violation of 720 ILCS 5/33-3(b), through the violation of 5 ILCS 430/5-35 (Contributions on State Property) and 5 ILCS 430/5-15 (Prohibited Political Activities).

113.    By reason of the violation of 18 U.S.C. § 1962(d) committed by Defendants Dan Rutherford, Kyle Ham, Curt Conrad, Dan Rutherford Campaign Committee, and Romney for President, Inc., Plaintiff was injured in an as yet undetermined amount, within the meaning of 18 U.S.C. § 1964(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants Dan Rutherford, Kyle Ham, Curt Conrad, Dan Rutherford Campaign Committee, and Romney for President, Inc., each of them jointly and severally:

    A.    In an undetermined amount for violation of 18 U.S.C. § 1962(c), the sum duly trebled in accordance with 18 U.S.C. § 1964(c).

    B.    For the costs of suit including reasonable attorney's fees in accordance with 18 U.S.C. § 1964(c).

    C.    A permanent injunction enjoining Defendants from engaging in the unlawful conduct complained of herein;

D.      The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices and unlawful conduct complained of herein and are determined to be in full compliance with the law;

E.      For such other damages, relief and pre- and post-judgment interest as the Court may deem just and proper.

## COUNT III

### Political Discrimination in Violation of the First Amendment

114.      This count is alleged against Defendants Dan Rutherford, Kyle Ham, and Curt Conrad only.

115.      Plaintiff's position as Deputy Director of Community Affairs and Director of Community Affairs and Marketing for the Illinois State Treasurer's Office are positions that do not require a political affiliation.

116.      Plaintiff has a right to freedom of association under the Free Association Clause of the First Amendment.

117.      Plaintiff's rights under the First Amendment are enforceable under 42 U.S.C. § 1983.

118.      Plaintiff's rights under the First Amendment include the right to not have an affiliation or to support an official or political party in power.

119.    Defendants Dan Rutherford, Kyle Ham, and Curt Conrad coerced Plaintiff to provide political support to and labor on behalf of Dan Rutherford, Defendant Dan Rutherford Campaign Committee, and Defendant Romney for President, Inc.

120.    Plaintiff's right not to provide political support to and labor on behalf of Dan Rutherford, Defendant Dan Rutherford Campaign Committee, and Defendant Romney for President, Inc. is protected activity under the First Amendment.

121.    Defendants Dan Rutherford, Kyle Ham, and Curt Conrad retaliated against Plaintiff for exercising his First Amendment rights by denying him promotions and increases in salary, by ridiculing and berating him for his lack of political support and labor, and by including Plaintiff on the "hit list" to be fired after the election.

122.    As the Illinois State Treasurer, Defendant Dan Rutherford was a final policymaker on behalf of Defendant Illinois State Treasurer's Office with regard to all personnel decisions.

123.    Plaintiff's lack of political support and labor for Defendant Dan Rutherford, Defendant Dan Rutherford Campaign Committee, and Defendant Romney for President, Inc. was substantial or motivating factor in Defendants' decisions to deny Plaintiff promotions and increases in salary as well as other acts of retaliation against him.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.    Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the value of lost promotions and increases in salary as well as the humiliation, anguish, and emotional distress caused by Defendants' conduct;

B.    Punitive damages against the individual Defendants;

C.    A permanent injunction enjoining Defendants from engaging in the unlawful conduct complained of herein;

D.    The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices and unlawful conduct complained of herein and are determined to be in full compliance with the law;

E.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

F.    Such other relief as the Court may deem just or equitable.

## COUNT IV

### Gender Discrimination in Violation of the Fourteenth Amendment

124.    This count is alleged against Defendant Dan Rutherford only.

125.    Plaintiff has a right to equal protection of the law under the Equal Protection Clause of the Fourteenth Amendment.

126.    Plaintiff's rights under the Fourteenth Amendment are enforceable under 42 U.S.C. § 1983.

127.    Among the rights protected by the Equal Protection Clause of the Fourteenth Amendment is the right to be free of sexual harassment that creates a hostile working environment.

128.    Gender is a protected class under the Fourteenth Amendment.

129.    Defendant Dan Rutherford subjected plaintiff to unwelcome sexual harassment.

130.    Defendant Rutherford's sexual harassment of Plaintiff was based upon Plaintiff's gender.

131.    Defendant Rutherford's sexual harassment of Plaintiff was so severe and/or pervasive that it amounted to a change in the terms and conditions of Plaintiff's employment and created a hostile work environment.

132.    Defendant Rutherford was a final policymaker for Defendant Illinois State Treasurer's Office.

133.    Defendant Rutherford's actions Plaintiff constituted the adoption of a policy by Defendant Illinois State Treasurer's Office.

134.    Alternatively, Defendant Rutherford's sexual harassment of not only Plaintiff but other employees within the Illinois State Treasurer's Office was so pervasive that it constituted a custom or practice of Defendant Illinois State Treasurer's Office.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the value of lost promotions and increases in salary as well as the humiliation, anguish, and emotional distress caused by Defendants' conduct;

B. Punitive damages against Defendant Rutherford;

C. A permanent injunction enjoining Defendants from engaging in the unlawful conduct complained of herein;

D. The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices and unlawful conduct complained of herein and are determined to be in full compliance with the law;

E. An award of reasonable attorneys' fees, costs, and litigation expenses; and

F. Such other relief as the Court may deem just or equitable.

## COUNT V

**Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964**

135.    This count is alleged against Defendants Illinois State Treasurer's Office and State of Illinois only.

136.    Title VII of the Civil Rights Act of 1964 prohibits discrimination by employers on the basis of gender.

137.    Plaintiff was employed by Defendant Illinois State Treasurer's Office and Defendant State of Illinois.

138.    As Illinois State Treasurer, Defendant Rutherford held supervisory and managerial authority over Plaintiff.

139.    As Illinois State Treasurer, Defendant Rutherford had authority to make binding employment decisions on behalf of Defendants Illinois State Treasurer's Office and State of Illinois.

140.    Defendant Rutherford subjected Plaintiff to unwelcome sexual advances and unwelcome verbal and physical conduct of a sexual nature.

141.    Defendant Rutherford subjected Plaintiff to this conduct because of Plaintiff's gender.

142.    Defendant Rutherford did not subject similarly situated female employees to similar advances or verbal and physical conduct.

143.    Defendant Rutherford's conduct was both objectively offensive to a reasonable observer and subjectively offensive to Plaintiff.

144.     Defendant Rutherford's conduct was so severe and/or pervasive that it altered the conditions of Plaintiff's employment and created a hostile working environment.

145.     Defendant, through its agent Defendant Rutherford, were aware of Plaintiff's rights under Title VII and intentionally disregarded those rights.

146.     On or about February 14, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant Illinois State Treasurer's Office. Plaintiff notified the EEOC that Defendant included in the alternative the State of Illinois as his employer.

147.     On May 21, 20014, Plaintiff requested a notice of right to sue from the EEOC.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.     Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the value of lost promotions and increases in salary as well as the humiliation, anguish, and emotional distress caused by Defendants' conduct;

B.     A permanent injunction enjoining Defendants from engaging in the unlawful conduct complained of herein;

C.    The Court retain jurisdiction of this case until such time as it is

assured that Defendants have remedied the policies and practices

and unlawful conduct complained of herein and are determined to

be in full compliance with the law;

D.    An award of reasonable attorneys' fees, costs, and litigation

expenses; and

E.    Such other relief as the Court may deem just or equitable.

Respectfully submitted,

EDMUND MICHALOWSKI

*s/Dana L. Kurtz*
_____

Attorney for Plaintiff

*Electronically filed on June 12, 2014*

Dana L. Kurtz (ARDC # 6256245)          Alice Christine Svenson (ARDC # 6230370)
James G. Vanzant (ARDC # 6304196)       Svenson Law Offices
KURTZ LAW OFFICES, LTD                   505 N. LaSalle St.
32 Blaine Street                         Suite 350
Hinsdale, Illinois 60521                 Chicago, Illinois 60654
Phone:  630.323.9444                     Phone: 312.467.2900
Facsimile:  630.604.9444                 Facsimile: 312.467.2902
E-mail:  dkurtz@kurtzlaw.us              E-mail: christine@svensonlawoffices.com
E-Mail:  jvanzant@kurtzlaw.us