IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDMUND MICHALOWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>DAN RUTHERFORD,<br><br>    Defendant. | No. 14-cv-00899<br><br>Honorable Joan Lefkow<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWERS AND SEPARATE DEFENSES
TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

COMES NOW Defendant, Dan Rutherford ("Defendant"), by and through his undersigned counsel of record, and responds to Plaintiff's Fourth Amended Complaint as follows:

1. Plaintiff brings claims for gender discrimination in violation of the equal-protection clause of the Fourteenth Amendment as enforced under 42 U.S.C. § 1983 (Count I).

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under 42 U.S.C. § 1983 but denies that he is liable to Plaintiff for damages under any law or theory.

2. The jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. § 1331.

**ANSWER:** Defendant admits that jurisdiction is proper in this Court.

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiff and Defendant either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district. Furthermore, venue is proper in this district pursuant to 18 U.S.C. § 1965(a), (b) and (d).

**ANSWER:** Defendant admits that venue is proper in this Court. Defendant denies the remaining allegations in Paragraph 3 of the Fourth Amended Complaint.

4.       Plaintiff EDMUND MICHALOWSKI is a male resident of Chicago, Illinois.

**ANSWER:** Defendant admits, upon information and belief, the allegations in Paragraph 4 of the Fourth Amended Complaint.

5.       From approximately November 2010 to February 2014, Plaintiff Michalowski was employed by the Illinois State Treasurer's Office (ISTO).

**ANSWER:** Defendant admits that Plaintiff Michalowski was employed by the ISTO. Defendant denies the remaining allegations in Paragraph 5 of the Fourth Amended Complaint.

6.       Defendant DAN RUTHERFORD at all relevant times was the elected Treasurer of the State of Illinois.

**ANSWER:** Defendant admits that Plaintiff's Fourth Amended Complaint alleges that certain events occurred while he was the Treasurer of the State of Illinois. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Fourth Amended Complaint.

7.       Defendant Rutherford had the authority to hire, fire, demote, and discipline employees, including Plaintiff, and to direct their work.

**ANSWER:** Defendant admits the allegations in Paragraph 7 of the Fourth Amended Complaint, but denies that he took any adverse employment action against the Plaintiff.

8.       Defendant Rutherford had supervisory authority over Plaintiff.

**ANSWER:** Defendant admits that as Treasurer, he had supervisory authority over Plaintiff, but Defendant denies that he was Plaintiff's direct supervisor.

9. Defendant Rutherford at all relevant times acted under color of law and within the scope of his employment.

**ANSWER:** This Paragraph is a legal conclusion to which no response is required.

10. Defendant Rutherford, as the Treasurer of the State of Illinois, was obligated to ensure that employees, volunteers, and interns were not subjected to gender discrimination and harassment or a hostile work environment based on their sex (male). Defendant Rutherford was also obligated to ensure that complaints of harassment or discrimination in the work place or at work place events were remedied.

**ANSWER:** Defendant denies the allegations in Paragraph 10 of the Fourth Amended Complaint, and further denies that he failed to carry out the alleged obligations listed in that paragraph.

11. Defendant Rutherford had an obligation to report any complaints of harassment or discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 11 of the Fourth Amended Complaint, and further denies that he failed to carry out the alleged obligation listed in that paragraph.

12. Defendant Rutherford was elected Illinois State Treasurer in November 2010.

**ANSWER:** Defendant admits the allegations in Paragraph 12 of the Fourth Amended Complaint.

13. In or around November 2010, Defendant Rutherford hired Plaintiff to work in the Illinois State Treasurer's Office (ISTO) as Deputy Director of Community Affairs.

**ANSWER:** Defendant denies the allegations in Paragraph 13 of the Fourth Amended Complaint.

14. Defendant Rutherford assumed office in January 2011.

**ANSWER:** Defendant admits the allegations in Paragraph 14 of the Fourth Amended Complaint.

15. Plaintiff was supervised by Defendant Rutherford during his employment with the ISTO.

**ANSWER:** Defendant denies the allegations in Paragraph 15 of the Fourth Amended Complaint.

16. Plaintiff satisfactorily performed all of his official job duties while he was employed by the ISTO.

**ANSWER:** Defendant denies the allegations in Paragraph 16 of the Fourth Amended Complaint.

17. On April 2, 2011, Plaintiff drove Defendant Rutherford from Chicago to Rutherford's residence in Chenoa, Illinois, for an overnight retreat to discuss the Treasurer's advisory boards and whether there were potential donors suitable for those boards.

**ANSWER:** Defendant denies the allegations in Paragraph 17 of the Fourth Amended Complaint.

18. Plaintiff was informed by Defendant Rutherford that other staff members including Ham would be present at the meeting but no other staff arrived.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Fourth Amended Complaint.

19. After dinner, Plaintiff retired to the guest bedroom at the Rutherford residence.

**ANSWER:** Defendant denies the allegations in Paragraph 19 of the Fourth Amended Complaint.

20. Defendant Rutherford entered Plaintiff's bedroom and grabbed Plaintiff's genital area.

**ANSWER:** Defendant denies the allegations in Paragraph 20 of the Fourth Amended Complaint.

21. Plaintiff immediately pushed Defendant Rutherford off of him and then gathered his belongings and left.

**ANSWER:** Defendant denies the allegations in Paragraph 21 of the Fourth Amended Complaint.

22. Plaintiff informed Kyle Ham, the Chief of Staff for the ISTO, of the incident shortly thereafter. Ham replied "at least we have job security" and that "it" had happened to him as well.

**ANSWER:** Defendant denies that any "incident" as alleged in Paragraphs 17-21 of the Fourth Amended Complaint and as referenced in Paragraph 22 of the Fourth Amended Complaint ever occurred, and denies the remaining allegations in Paragraph 22.

23. A few weeks later, Plaintiff again followed up with Chief of Staff Ham about the sexual harassing incident that occurred on April 2, 2011. Ham became upset and said to Plaintiff: "you're his friend, you talk to him."

**ANSWER:** Defendant denies the allegations in Paragraph 23 of the Fourth Amended Complaint that suggest that any "incident" occurred on April 2, 2011, and denies the remaining allegations in Paragraph 23.

24. On July 24, 2011, Curt Conrad, Deputy Chief of Staff for the ISTO, text Plaintiff the following: "The treasurer specifically asked that you wear a tank top. Totally your decision if

5

you want to ignore. I am just a messenger." Plaintiff was offended and embarrassed by this comment.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations regarding Curt Conrad in Paragraph 24 of the Fourth Amended Complaint. Defendant denies making the statement attributed to him in Paragraph 24 of the Fourth Amended Complaint.

25. In August 2011, there was a "Republican Day at the State Fair" event in Springfield, Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 25 of the Fourth Amended Complaint.

26. The evening before the "Republican Day at the State Fair" event, there was an ISTO government meeting, and afterward, Defendant Rutherford directed everyone to Brown's bar to attend a Republican campaign fundraiser event. Defendant Rutherford and his staff, including Plaintiff, were at the Brown's bar in Springfield.

**ANSWER:** Defendant admits that he visited Brown's bar during the time period alleged. Defendant denies the remaining allegations in Paragraph 26 of the Fourth Amended Complaint.

27. At Brown's bar, Plaintiff was speaking to a group of women. Defendant Rutherford circled and stalked Plaintiff as he was talking to the women and complained that Plaintiff was "not talking to him."

**ANSWER:** Defendant denies the allegations in Paragraph 27 of the Fourth Amended Complaint.

28. As Plaintiff departed the bar with the group of women, Rutherford grabbed Plaintiff's arm, pulled Plaintiff aside, and said "if you go home with me, you can have anything you want in the office."

**ANSWER:** Defendant denies the allegations in Paragraph 28 of the Fourth Amended Complaint.

29. Plaintiff pulled away and left with the group.

**ANSWER:** Defendant denies the allegations in Paragraph 29 of the Fourth Amended Complaint.

30. Plaintiff reported the incident to Ham. Ham repeated the comment to Plaintiff: "at least we have job security."

**ANSWER:** Defendant denies that any "incident" took place as described in Paragraphs 26-29 of the Fourth Amended Complaint, and as referenced in Paragraph 30 of the Fourth Amended Complaint, and denies the remaining allegations in Paragraph 30.

31. Ham further suggested that if Defendant Rutherford became governor that Ham could be a rich lobbyist and so could Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 31 of the Fourth Amended Complaint.

32. After this incident at Brown's bar, and the failure of supervisors and Defendant Rutherford to remedy the sexual harassment, Plaintiff tried to limit his exposure so that he was not alone with Defendant Rutherford.

**ANSWER:** Defendant denies all of Plaintiff's allegations in this and any other Paragraph pertaining to an "incident" at Brown's bar. Defendant further denies that he was aware of any reports of sexual harassment or that he failed to remedy same. Defendant is without knowledge

7

or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his efforts to limit exposure to Defendant. Defendant denies all remaining allegations in Paragraph 32 of the Fourth Amended Complaint.

33. In the interim, Defendant Rutherford and other ISTO supervisors were pushing Plaintiff and others to raise money for the Campaign Committee, and Defendant Rutherford was demanding that Plaintiff get people to support his Campaign Committee at the values that Defendant Rutherford assigned for them to contribute.

**ANSWER:** Defendant denies the allegations in Paragraph 33 of the Fourth Amended Complaint.

34. In August 2012, Defendant Rutherford required Plaintiff to attend the Republican National Convention with him and others in Tampa, Florida.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of the Fourth Amended Complaint.

35. On August 20, 2012, there was a reception held where the Illinois delegation was staying.

**ANSWER:** Defendant admits that a reception was held at the location where at least a portion of the Illinois delegation stayed at the 2012 Republican National Convention. Defendant denies the remaining allegations in Paragraph 35 of the Fourth Amended Complaint.

36. After the reception, Defendant Rutherford grabbed Plaintiff's arm and asked Plaintiff to go up to his hotel room. Plaintiff refused. Rutherford became angry, stating: "You just said 'no' to the Treasurer."

**ANSWER:** Defendant denies the allegations in Paragraph 36 of the Fourth Amended Complaint.

37. Upon returning to Chicago, Plaintiff reported the incident to Ham, who then told Plaintiff that he was "not a team player." Ham also informed him that another employee, Josh Lanning, "has the worst job and you should feel lucky," because he (Lanning) had to be with Defendant Rutherford all the time, and had to share a hotel rooms with Rutherford.

**ANSWER:** Defendant denies that any "incident" took place as described in Paragraphs 34-36 of the Fourth Amended Complaint, and as referenced in Paragraph 37 of the Fourth Amended Complaint, and denies the remaining allegations in Paragraph 37.

38. Because Plaintiff refused Defendant Rutherford's sexual advances and because he complained, Plaintiff was marginalized in his job, excluded from meetings, his job duties were reduced, and responsibilities removed, and he was denied promised promotions, and denied raises, and otherwise discriminated and retaliated against in the terms and conditions of his employment.

**ANSWER:** Defendant denies the allegations in Paragraph 38 of the Fourth Amended Complaint.

39. Supervisors of the ISTO, including Ham and Conrad, knew and approved of this conduct, and turned a blind eye to Defendant Rutherford's discrimination and harassment of Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of the Fourth Amended Complaint.

40. On December 4, 2013, at a holiday party, Defendant Rutherford went over to Plaintiff, rubbed his shoulders, and said to Plaintiff "you need a full body massage," smiled, and walked away.

**ANSWER:** Defendant denies the allegations in Paragraph 40 of the Fourth Amended Complaint.

41. Another individual present commented to Plaintiff "that was creepy," referring to Rutherford's actions towards Plaintiff.

**ANSWER:** Defendant is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Fourth Amended Complaint.

42. Later the same week in December 2013, Plaintiff and another employee, George Daglas, were called into Defendant Rutherford's office. Defendant Rutherford told George Daglas, "I can see your undershirt under your shirt," and "shake it baby, shake it," or words to that effect.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of the Fourth Amended Complaint.

43. Plaintiff reported this incident to Ham and Conrad, both either laughed or blew it off.

**ANSWER:** Defendant denies that any "incident" took place as described in Paragraph 42 of the Fourth Amended Complaint, and as referenced in Paragraph 43 of the Fourth Amended Complaint, and denies the remaining allegations in Paragraph 43.

44. Many other male employees and interns were subjected to sexual harassment by Defendant Rutherford, which was condoned, perpetuated, and not remedied by other ISTO supervisors, including Ham and Conrad, including but not limited to the following:

    (a) Ham admitted to several others that even he was "hit on" in a sexual manner by Rutherford and that Rutherford made sexual advances to him as well;

  (b)  Defendant Rutherford repeatedly made comments to male employees that were sexual in nature, such as: "your ass looks good in those pants;"

  (c)  Defendant Rutherford inappropriately and in a sexual manner rubbed Ashvin Lad and other male interns and employees' shoulders, making them uncomfortable;

  (d)  "Drivers," while on the ISTO payroll, while waiting on campaign events in state vehicles, were sexually harassed by Rutherford;

  (e)  Defendant Rutherford, on at least one occasion, grabbed one of his "drivers" in a sexual manner to try to get the driver to come into his home when the driver was taking Rutherford's luggage up to the door; and

  (f)  Defendant Rutherford "hit on" Robert Targosz in a sexual manner.

**ANSWER:** Defendant denies the allegations, including each and every allegation in subparts (a) to (f), in Paragraph 44 of the Fourth Amended Complaint.

  45.  Plaintiff observed Defendant Rutherford making inappropriate sexual overtures and sexual harassment of other male employees.

**ANSWER:** Defendant denies that he made sexual overtures or advances toward employees, and therefore denies the entirety of Paragraph 45 of the Fourth Amended Complaint.

  46.  Some of these male employees also complained to Plaintiff about the sexual advances by Defendant Rutherford and the hostile work environment.

**ANSWER:** Defendant denies that he made sexual overtures or advances toward employees, and therefore denies the entirety of Paragraph 46 of the Fourth Amended Complaint.

  47.  Defendant has continually physically, verbally, and emotionally abused Plaintiff both privately and publicly in front of his subordinates and colleagues.

**ANSWER:** Defendant denies the allegations in Paragraph 47 of the Fourth Amended Complaint.

48. Due to Defendant's conduct toward Plaintiff, Plaintiff has experienced severe stress and anxiety, which has manifested itself physically.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of the Fourth Amended Complaint.

49. In February 2014, Plaintiff was forced to resign his employment at the Treasurer's Office because he could not work in the hostile conditions created by Defendant Rutherford, and as a result of Defendant's conduct, and the failure to remedy the hostile work environment.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of the Fourth Amended Complaint.

50. Defendant Rutherford knew and should have known of the harassment and discrimination directed at Plaintiff, and other male employees, by Defendant Rutherford, and failed to take any effective remedial measures to stop the harassment, hostile work environment, and discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 50 of the Fourth Amended Complaint.

51. Defendant contributed to and failed to remedy the discriminatory harassment and hostile work environment.

**ANSWER:** Defendant denies the allegations in Paragraph 51 of the Fourth Amended Complaint.

52. Defendant created and perpetuated a hostile work environment, turned a blind eye to the harassment based on Plaintiff's gender and in retaliation for Plaintiff's complaints and

refusal to succumb to Defendant Rutherford's sexual demands and advances, and condoned, committed, and perpetuated the harassment, hostile work environment, and discrimination against Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of the Fourth Amended Complaint.

## COUNT I

53.  Plaintiff incorporates and realleges paragraphs 1 through 52 as though fully set forth herein.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1 through 52 herein as its Answer to Paragraph 53 of the Fourth Amended Complaint.

54.  Plaintiff has a right to equal protection of the law under the Equal Protection Clause of the Fourteenth Amendment.

**ANSWER:** Defendant admits that the Fourteenth Amendment confers certain protections but denies that Plaintiff's claims give rise to any triable issues under the Fourteenth Amendment, or any other law or theory, and further denies that Plaintiff is entitled to any relief whatsoever.

55.  Plaintiff's rights under the Fourteenth Amendment are enforceable under 42 U.S.C. § 1983.

**ANSWER:** Defendant denies that Plaintiff has a valid legal claim under 42 U.S.C. § 1983.

56.  Among the rights protected by the Equal Protection Clause of the Fourteenth Amendment is the right to be free of sexual harassment that creates a hostile working environment.

**ANSWER:** Defendant admits that the Fourteenth Amendment confers certain protections, but denies that Plaintiff's claims give rise to any triable issues under the Fourteenth Amendment, or any other law or theory, and further denies that Plaintiff is entitled to any relief whatsoever.

57. Gender is a protected class under the Fourteenth Amendment.

**ANSWER:** Defendant admits that the Fourteenth Amendment confers certain protections, but denies that Plaintiff's claims give rise to any triable issues under the Fourteenth Amendment, or any other law or theory, and further denies that Plaintiff is entitled to any relief whatsoever.

58. Defendant subjected Plaintiff to harassment and discriminated in the terms and conditions of his employment based on his gender by including but not limited to the following: subjecting Plaintiff to sexual harassment and a hostile work environment, excluding Plaintiff from meetings; withholding necessary information from Plaintiff that was necessary for Plaintiff to perform his duties; subjecting Plaintiff to heightened scrutiny; removing Plaintiff's duties; subjecting Plaintiff to increased scrutiny; and depriving Plaintiff of his position, and promotions and raises with the ISTO, and by forcing Plaintiff's resignation from the ISTO.

**ANSWER:** Defendant denies the allegations in Paragraph 58 of the Fourth Amended Complaint.

59. Defendant Rutherford's sexual harassment of Plaintiff and Defendant's failure to remedy the harassment, hostile work environment, and discrimination was so severe and/or pervasive that it amounted to a change in the terms and conditions of Plaintiff's employment and created a hostile work environment.

**ANSWER:** Defendant denies the allegations in Paragraph 59 of the Fourth Amended Complaint.

60. Defendant's conduct against Plaintiff constitutes unlawful discrimination and harassment based on gender.

**ANSWER:** Defendant denies the allegations in Paragraph 60 of the Fourth Amended Complaint.

61. All of Defendant's actions and inactions as alleged herein are undertaken with discriminatory intent.

**ANSWER:** Defendant denies the allegations in Paragraph 61 of the Fourth Amended Complaint.

62. Defendant Rutherford participated in the discriminatory treatment, knew or should have known of the discriminatory conduct, failed to take any effective remedial action to remedy and/or prevent the discriminatory treatment, and turned a blind eye to the discriminatory treatment and harassment against Plaintiff and other men.

**ANSWER:** Defendant denies the allegations in Paragraph 62 of the Fourth Amended Complaint.

63. The actions of Defendant has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:** Defendant denies the allegations in Paragraph 63 of the Fourth Amended Complaint.

64. Defendant's actions and inactions were in violation of the Fourteenth Amendment to the United States Constitution.

**ANSWER:** Defendant denies the allegations in Paragraph 64 of the Fourth Amended Complaint.

65. Defendant discriminated against Plaintiff with reckless indifference to Plaintiff's civil rights guaranteed under the Fourteenth Amendment to the United States Constitution, thereby entitling Plaintiff to punitive damages.

**ANSWER:** Defendant denies the allegations in Paragraph 65 of the Fourth Amended Complaint.

**WHEREFORE**, Plaintiff seeks the following relief:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, pre-judgment interest, and the value of lost promotions, raises, and other benefits;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the humiliation, anguish, and emotional distress caused by Defendant's conduct, and the physical manifestations of Plaintiff's emotional distress;

C. A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring that Defendant adopt employment practices and policies in accord and conformity with the requirements of 42 U.S.C. § 1983, and further requiring that Defendant adopt and initiate effective remedial actions to ensure equal treatment based on gender;

E. A declaratory judgment that Defendant's actions violate 42 U.S.C. § 1983;

F.      The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G.      Punitive damages as allowed by law;

H.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

I.      Such other relief as the Court may deem just or equitable.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief, including the remedies and the relief requested in the Fourth Amended Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation in the Fourth Amended Complaint that has not otherwise been specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Fourth Amended Complaint fails to state a claim upon which relief can be granted against Defendant.

2.      Plaintiff's claims are barred in whole or in part by any and all applicable statutes of limitations.

3.      Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, laches, estoppel, and/or set-off.

4.      Upon information and belief, Plaintiff took intentional steps to destroy relevant evidence in this case, which resulted in impairment of Defendant's ability to defend Plaintiff's claims in this lawsuit.

5. Plaintiff's claims are barred to the extent that Defendant is protected by qualified immunity.

6. Plaintiff's damages, if any, are barred or reduced in part by his failure to take reasonable steps under the circumstances to minimize or mitigate his alleged damages or otherwise avoid harm.

7. Plaintiff's damages, if any, are not to the extent and nature as alleged by Plaintiff.

8. Any injuries caused to Plaintiff were due in whole or in part to Plaintiff's own actions, inaction, and/or the negligence or acts of third parties.

9. Plaintiff cannot seek injunctive relief because Defendant is no longer the Treasurer of the State of Illinois.

10. Plaintiff cannot recover punitive damages because, at all relevant times, Defendant made a good faith effort to comply with all applicable statutes and laws.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant respectfully submits that the claims asserted in Plaintiff's Fourth Amended Complaint should be dismissed, with prejudice, in their entirety and that Defendant should be awarded his costs incurred in defending this action as well as such other and further relief as the Court may deem just and proper.

Dated: April 28, 2016

Respectfully submitted,

DAN RUTHERFORD

By: /s/ *Daniel T. Fahner*
Daniel T. Fahner
Allison N. Powers
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601-5094
(312) 324-1000
(312) 324-1001 (fax)
daniel.fahner@morganlewis.com
allison.powers@morganlewis.com
*Attorneys for Defendant*
*Dan Rutherford*

## **CERTIFICATE OF SERVICE**

I, Daniel T. Fahner, an attorney, hereby certify that on April 28, 2016, I electronically filed Defendant Dan Rutherford's Answers and Separate Defenses to Plaintiff's Fourth Amended Complaint with the Clerk of the Court for the United States District Court of the Northern District of Illinois, using the CM/ECF system, which caused a copy of the same to be served upon all counsel of record.

/s/*Daniel T. Fahner*
Daniel T. Fahner